OPINION
Plaintiff-appellant Linda Grant et al. ("Grant") brings this appeal from the judgment of the Common Pleas Court of Defiance County granting summary judgment to defendant-appellee Allen R. Ladd et al. ("Ladd").
On July 12, 1996, Ladd's vehicle struck Grant's vehicle in Fort Wayne, IN. Ladd was insured by Progressive Insurance Company ("Progressive") with policy limits of $15,000 per person and $30,000 per accident. Under Indiana law and the provisions in Ladd's policy, the limits were converted to the minimum requirements of $25,000 per person and $50,000 per accident. Grant was covered under her husband's policy with Grange Mutual Casualty Company ("Grange") with limits of $25,000 per person and $50,000 per accident. The policy in effect on the date of the accident was issued on April 13, 1995. On December 18, 1998, Progressive and Grant reached a full and final settlement for the policy limits of $25,000.
On July 9, 1998, Grant filed a complaint against Grange for payment of an underinsured motorists claim. Grange filed its answer on August 10, 1998. On November 25, 1998, Grange filed a motion for summary judgment alleging that the policy does not permit recovery as the policy limits were reached. Grant filed her answer on December 29, 1998. On February 1, 2001, the trial court granted Grange's motion for summary judgment. It is from this judgment that Grant appeals.
Grant raises the following assignment of error:
 The trial court erred in finding that Grange could limit all claims resulting from the instant accident to a single per person limitation of liability.
 In Clark v. Scarpelli (2001), 91 Ohio St.3d 171, 271, 744 N.E.2d 719, the Supreme Court of Ohio addressed the issue of whether an insurance policy could limit the claims arising from the injury to the single person limit of liability. In Clark, the plaintiffs were claiming injury arising from the wrongful death of Shane Clark in an automobile accident. Plaintiffs claimed that they each were entitled to coverage for their individual loss suffered and should not be limited to the amount recoverable under the per person limit. The policy at issue in Clark limited recovery for bodily injury to a person, including any loss of consortium claims or injury to relationships, to the per person limit. The Supreme Court held that R.C. 3937.18 permits the insurer to consolidate all individual claims arising from bodily injury to a single person to one claim.
Here, the policy provides as follows:
 A. The limit of liability shown in the declarations under Uninsured Motorists coverage for "each person" is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of Bodily Injury Liability shown in the declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by two or more persons resulting from any one accident. This is the most we will pay regardless of the number of:
 1. Insureds;
 2. Claims made;
 3. Vehicles or premiums shown in the declarations; or
 4. Vehicles involved in the accident.
 B. The limit of liability shall be reduced by all sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible.
 Grange Policy, 2. R.C. 3937.18(G) permits Grange to restrict its liability for bodily injury coverage and to consolidate the claims. The liability limits for bodily injury for this policy were set at $25,000 per person and $50,000 per accident. Grant received a $25,000 settlement for the bodily injury suffered by her due to the accident. Since the amount received by the insured equals the policy limits of the Grange policy, Grange has no duty to pay any additional amounts. Therefore, the trial court did not err in granting summary judgment to Grange on the issue of underinsurance coverage. The assignment of error is overruled.
The judgment of the Court of Common Pleas of Defiance County is affirmed.
HADLEY and SHAW, JJ., concur.